IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Bagley, | ) |
|         Petitioner, | ) |
| v. | )   C/A No.: 5:16-cv-3924-TLW |
| David Dunlap, Warden Kershaw C.I., | ) |
|         Respondent. | ) |

## ORDER

Petitioner Bernard Bagley, proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241 challenging the parole board's decision not to grant him parole. ECF No. 1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on May 31, 2017, by United States Magistrate Judge Kaymani D. West, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Respondent's motion for summary judgment and deny Petitioner's motions for expansion of the record and for entry of default. ECF No. 23. Petitioner filed objections to the Report on June 16, 2017, ECF No. 25, and Respondent filed a Reply, ECF No. 27. Thereafter, Petitioner filed an "Affidavit of Further Testimony." [1] ECF No. 28. This matter is now ripe for disposition.

---

[1] Petitioner also filed a "Motion for Judicial Release and Evidentiary Hearing," ECF No. 30, and Respondent filed a Response in Opposition, ECF No. 31. In light of the dismissal of this case, Petitioner's motion, which does not discuss the Report, is deemed **MOOT**.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the applicable law, and the relevant filings, and the Court finds that the Magistrate Judge has given a detailed factual and legal analysis in the Report. After careful consideration, the Court concludes that the Petitioner's objections are repetitive and offer no showing, either factually or legally, that Respondent's motion for summary judgement should be denied. Therefore, **IT IS ORDERED** that the Report, ECF No. 23, is **ACCEPTED**, and the Objections to the Report, ECF Nos. 25, 28, are **OVERRULED**. For the reasons stated in the Report and those stated herein, Respondent's Motion

for Summary Judgment is **GRANTED**, and the Petition, ECF No. 1, is hereby **DISMISSED**.[2]

Petitioner's "Rule 7 Motion for Expansion of the Record," ECF No. 11, and Request for Entry of Default, ECF No. 20, are **DENIED**.

**IT IS SO ORDERED**.[3]

*s/Terry L. Wooten*_____<br>Chief United States District Judge

September 6, 2017
Columbia, South Carolina

---

[2] To the extent that Petitioner's Response in Opposition to Summary Judgment, ECF No. 21, seeks summary judgment on behalf of Petitioner, that motion is **DENIED** for the reasons stated in the Report and those stated herein.

[3] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).